**Irma Gutierrez ANDRADE, Petitioner,**

v.

**Michael B. MUKASEY,* Attorney General, Respondent.**

No. 06–73457.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007 **.

Filed Dec. 28, 2007.

Monika Sud–Devaraj, Law Offices of Marshall G. Whitehead, P.C., Phoenix, AZ, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Richard M. Evans, Esq., Marion E. Guyton, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

## MEMORANDUM ***

Irma Gutierrez Andrade seeks review of an order of the Board of Immigration Appeals ("BIA") denying her motion to remand proceedings to the immigration judge to consider additional evidence. We dismiss the petition for review.

The evidence Gutierrez Andrade presented with her motion to remand concerned the same basic hardship grounds as her application for cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601 (holding that if "the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief," 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from re-

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

visiting the merits); *see also Ramirez–Alejandre v. Ashcroft*, 319 F.3d 365, 382 (9th Cir.2003) ("Under BIA procedure, a motion to remand must meet all the requirements of a motion to reopen and the two are treated the same.").

Our conclusion that we lack jurisdiction to review the BIA's determination that Gutierrez Andrade's evidence did not warrant remand forecloses any argument that the BIA denied her due process by failing to adequately explain its reasons for denying the motion to remand. *See Fernandez*, 439 F.3d at 603–04.

**PETITION FOR REVIEW DISMISSED.**